IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SEAN MARBLE,<br>　　*Plaintiff,* | § § § | |
| and | § § | |
| EUGENE DURST,<br>　　*Intervenor,* | § § § § | |
| v. | § § | MO:23-CV-00009-DC |
| CROWNQUEST OPERATING,<br>LLC, SEMINOLE PIPELINE<br>COMPANY LLC, LINE LOCATORS<br>LP, AND ENTERPRISE<br>PRODUCTS OPERATING, LLC,<br>　　*Defendants.* | § § § § § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

BEFORE THE COURT is the Report and Recommendation of U.S. Magistrate Judge Ronald C. Griffin (Doc. 44), which recommends that the Court **GRANT** Plaintiff Sean Marble's Motion to Remand (Doc. 32) the case to state court. This case was referred to the United States Magistrate Judge for findings and recommendations pursuant to Section 636(b) of Title 28 of the United States Code and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended. Defendants Enterprise Products Operating, LLC and Seminole Pipeline Company LLC object to the R&R claiming that Marble's expert report (Doc. 32, Ex. 4) introduced a substantial federal issue that confers federal question jurisdiction to this Court. After considering the Magistrate

Judge's R&R and the parties' briefing, the Court **ADOPTS** the R&R in its entirety. (Doc. 44).

A party may serve and file specific written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the R&R and thereby secure de novo review by the district court.[1] A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in an R&R bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[2]

In light of Enterprise and Seminole's objections, the Court has undertaken de novo review and will accept and adopt the R&R for substantially the same reasons as stated by the Magistrate Judge. A matter which was not at first removable to federal court may become removable when an "amended pleading, motion, order or *other paper*" introduces a federal issue.[3] In this Circuit, only post-complaint demand letters[4] and deposition transcripts[5] are 'other paper'—and then, only when they reveal that the amount in controversy has been met to establish diversity jurisdiction. Because this matter does not implicate diversity jurisdiction, the Court resists Enterprise and Seminole's request to hold that expert reports constitute 'other paper' capable of triggering removal here. This Court also agrees with the Magistrate Judge that the federal issue raised by the expert report does not meet the relevant standard stated by the Supreme Court in *Grable* and *Gunn v. Minton*, which together describe

---

[1] *See* 28 U.S.C. § 636(b); FED. R. CIV. P. 72(b).
[2] *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).
[3] 28 U.S.C. § 1446(b)(3) (emphasis added).
[4] *See Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).
[5] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

the circumstances for removal in cases like this one.[6] At bottom, despite Enterprise and Seminole's objections, the federal issue here is not substantial enough to require this matter be brought before a federal court.[7]

It is therefore **ORDERED** that Defendants' objections to the R&R are **OVERRULED**. (Doc. 45).

It is further **ORDERED** that for substantially the same reasons, the R&R is **ACCEPTED** and **ADOPTED** by the Court. (Doc. 44).

It is further **ORDERED** that Plaintiff's Motion for Remand is hereby **GRANTED**. (Doc. 32).

It is further **ORDERED** that this case be remanded to the 441st District Court of Midland County, Texas.

---

[6] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Gunn v. Minton*, 568 U.S. 251, 258 (2013).
[7] *Compare Grable*, 545 U.S. at 312 ("[A] federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law . . ."); *with Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008) ("[T]his case involves no important issue of federal law. Instead, the federal issue is predominately one of fact . . ."); *and Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) ("The state court in which the personal-injury suit was lodged is competent to apply federal law . . . and would seem best positioned to determine . . . the tort recovery.").

It is finally **ORDERED** that all pending motions are **DENIED AS MOOT** (Docs. 18, 19, 20, 22).

It is so **ORDERED**.

SIGNED this 20th day of July, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE